**GOLOMB & HONIK**

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
1515 MARKET STREET
SUITE 1100
PHILADELPHIA, PA 19102

215-985-9177
Fax: 215-985-4169

Ruben Honik
rhonik@golombhonik.com

FILED by _____ D.C.

APR 1 5 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

April 10, 2013

13-CV-21158-JAL

To the Parties on the Attached Proof of Service

    Re:    **Adderall XR Marketing and Sales Practices Litigation**

Dear Sir/Madam:

    Enclosed please find Motion of Plaintiff, Allyson Netwall for Transfer of Actions to the Eastern District of Pennsylvania Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings which has been electronically filed with the Judicial Panel On Multidistrict Litigation (JPML).

    Sincerely,

    Ruben Honik

    **GOLOMB & HONIK, P.C.**

RH/ecm

## PROOF OF SERVICE

I, **RUBEN HONIK, ESQUIRE**, hereby certify that a copy of the foregoing **Motion of Plaintiff**

**Allyson Netwall for Transfer of Actions to the Eastern District of Pennsylvania Pursuant to 28**

**U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings** and **Brief in Support, Schedule**

**of Actions and this Proof of Service**, to the following parties on the below date, via U.S. Mail, postage

prepaid:

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judicial Building
One Columbus Circle, N.E.
Room G-255, North Lobby
Washington, DC 20002-8004

Clerk, Eastern District of Pennsylvania
James A. Byrne United States Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106

Clerk, Central District of California
312 North Spring Street, Room G-419
Los Angeles, CA 90012

Clerk, Southern District of Florida
Miami Division
Wilkie D. Ferguson, Jr.
United States Courthouse
400 North Miami Avenue
Miami, FL 33128

**Erin Shaffer v. Shire U.S., Inc., et al.**
**USDC Central District of California; Case No. 2:13-cv-02363-JC**

Allan Kanner, Esq.
Conlee Whiteley, Esq.
Cynthia St. Amant, Esq.
**Kanner and Whiteley LLC**
701 Camp Street
New Orleans, LA 70130
(504) 524-5777
a.kanner@kanner-law.com
c.whiteley@kanner-law.com
c.stamant@kanner-law.com
*Attorneys for Plaintiff, Erin Shaffer individually*
*and for all other persons similarly situated*


Shire U.S., Inc.
725 Chesterbrook Blvd.
Wayne, PA 19087
*Defendant*

Gillian L. Wade, Esq.
Sara D. Avila, Esq.
Michael I. Miller, Esq.
**Milstein Adelman LLP**
2800 Donald Douglas Loop North
Santa Monica CA 90405
(310) 396-9600
gwade@milsteinadelman.com
savila@milsteinadelman.com
imiller@milsteinadelman.com
*Attorneys for Plaintiff, Erin Shaffer individually*
*and for all other persons similarly situated*


Shire LLC
9200 Brookfield Court
Florence, KY 41042
*Defendant*


**Barba et al. v. Shire US, Inc. et al.**
**USDC Southern District of Florida; Case No. 1:13-cv-21158-JAL**

Brian Ku, Esq.
M. Ryan Casey, Esq.
**Ku & Mussman, PA**
12550 Biscayne Blvd., Suite # 406
Miami, Florida 33181
Tel: (305) 891-1322
brian@kumussman.com
ryan@kumussman.com
*Attorneys for Plaintiffs Monica Barba and*
*Jonathan Reisman individually and for all other*
*persons similarly situated*

Allan Kanner, Esq.
Conlee Whiteley, Esq.
Cynthia St. Amant, Esq.
John R. Davis, Esq.
Brittney N. Bullock, Esq.
**Kanner and Whiteley LLC**
701 Camp Street
New Orleans, LA 70130
(504) 524-5777
a.kanner@kanner-law.com
c.whiteley@kanner-law.com
c.stamant@kanner-law.com
j.davis@kanner-law.com
b.bullock@kanner-law.com
*Attorneys for Plaintiffs Monica Barba and*
*Jonathan Reisman individually and for all other*
*persons similarly situated*


Shire U.S., Inc.
725 Chesterbrook Blvd.
Wayne, PA 19087
*Defendant*

Shire LLC
9200 Brookfield Court
Florence, KY 41042
*Defendant*

**Allyson Netwall v. Shire US, Inc., et al.**
**USDC Eastern District of Pennsylvania; Case No. 2:13-cv-01669-EL**

| | |
|---|---|
| Richard M. Golomb, Esquire | Allan Kanner, Esq. |
| Ruben Honik, Esquire | Conlee Whiteley, Esq. |
| Tammi Markowitz, Esquire | **Kanner and Whiteley LLC** |
| **Golomb & Honik, P.C.** | 701 Camp Street |
| 1515 Market Street, Suite 1100 | New Orleans, LA 70130 |
| Philadelphia. PA 19102 | (504) 524-5777 |
| Phone: (215) 985-9177 | a.kanner@kanner-law.com |
| rgolomb@golombhonik.com | c.whiteley@kanner-law.com |
| rhonik@golombhonik.com | *Attorneys for Plaintiff Allyson Netwall individually* |
| tmarkowitz@golombhonik.com | *and for all other persons similarly situated* |
| *Attorneys for Plaintiff Allyson Netwall individually* | |
| *and for all other persons similarly situated* | |

| | |
|---|---|
| Shire U.S., Inc. | Shire LLC |
| 725 Chesterbrook Blvd. | 9200 Brookfield Court |
| Wayne, PA 19087 | Florence, KY 41042 |
| *Defendant* | *Defendant* |

DATED:  April 10, 2013       Respectfully submitted,

**GOLOMB & HONIK, P.C.**

By:___/s/ Ruben Honik_____

Ruben Honik, Esq.
**GOLOMB & HONIK PC**
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Telephone:    (215) 985-9177
Facsimile:    (215) 985-4169
rhonik@golombhonik.com

*Attorneys for Plaintiff and the proposed Class members*

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

In re:  **Adderall XR Marketing and
Sales Practices Litigation**

MDL No: _____

**MOTION OF PLAINTIFF ALLYSON NETWALL FOR TRANSFER OF ACTIONS TO
THE EASTERN DISTRICT OF PENNSYLVANIA PURSUANT TO 28 U.S.C. § 1407
FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Plaintiff ("Movant") Allyson Netwall, respectfully moves the Judicial Panel on Multidistrict Litigation ("the Panel") for an Order pursuant to 28 U.S.C. § 1407 and Rule 7.2 of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation, to transfer and consolidate the cases listed in the attached Schedule of Actions (Exhibit A), and any related actions which come to the attention of the Panel, stemming from Defendants' anticompetitive conduct in restricting the supply of generic Adderall XR ("AXR").  Plaintiff requests that the Panel transfer and consolidate those cases referenced in the attached Schedule of Actions to a single district for coordinated and/or consolidated pre-trial proceedings.  The pending actions involve common Defendants, Shire U.S., Inc and Shire, LLC.

As indicated in the Schedule of Actions, similar actions are pending in three judicial districts, including the Eastern District of Pennsylvania.  As set forth in the accompanying brief, the pending actions satisfy the requirements for transfer and consolidation or coordination in the Eastern District of Pennsylvania and this District would best serve the convenience of the parties and witnesses and will promote the just and efficient conduct of these actions.

1.      All pending actions involve similar factual allegations on behalf of consumer indirect purchasers of AXR, a widely-prescribed medication to treat attention deficit hyperactivity disorder.

2.      Transfer and coordination or consolidation of all pending actions and any future "tag-along" actions in the Eastern District of Pennsylvania will: (a) promote judicial economy; (b) eliminate the risk of inconsistent rulings on pretrial issues; (c) alleviate duplicative discovery; and (d) best serve the convenience of the parties, the witnesses and the judiciary.

3.      The Eastern District of Pennsylvania is the most appropriate forum for transfer because: (a) it has an action currently pending before it; (b) it is a convenient district for parties and witnesses; and (c) it has the resources necessary to properly manage these cases.

THEREFORE, Movant respectfully requests that the Panel enter an Order under 28 U.S.C. § 1407, transferring and coordinating or consolidating all pending actions, as well as any other "tag-along" actions to the Eastern District of Pennsylvania for consolidated and/or coordinated pretrial proceedings and for all other appropriate relief.

Respectfully submitted,

Dated: April 10, 2013

By: /s/ Ruben Honik
Ruben Honik, Esq.
Richard M. Golomb, Esq.
Tammi A Markowitz, Esq.
GOLOMB & HONIK, P.C.
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Telephone:  215-985-9177
Fax:  215-985-4169
rgolomb@golombhonik.com
rhonik@golombhonik.com
tmarkowitz@golombhonik.com

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

In re: **Adderall XR Marketing and
Sales Practices Litigation**

MDL No: _____

**BRIEF IN SUPPORT OF PLAINTIFF ALLYSON NETWALL'S MOTION FOR
TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED
OR CONSOLIDATED PRETRIAL PROCEEDINGS**

*Oral Argument Requested*

Pursuant to 28 U.S.C. § 1407 and Rule 7.2(a)(1) of the Rules of Procedure for the

Judicial Panel on Multidistrict Litigation ("Panel"), Plaintiff Allyson Netwall (Case No. 2:13-cv-

01669, Motion Exhibit B), respectfully files this Brief in Support of her Motion for Transfer and

Coordination and/or Consolidation of Pretrial Proceedings.  Movant requests an Order

transferring all pending actions listed on the attached Schedule of Actions (Motion Exhibit A), as

well as any subsequently filed "tag-along" actions, to the Eastern District of Pennsylvania.

Transfer and consolidation is appropriate because the pending actions involve nearly identical

legal issues and factual allegations.  The Eastern District of Pennsylvania is the most appropriate

venue to consolidate the cases, because the District: (1) has the first-filed action pending before

it; (2) is the most convenient for parties and witnesses as Shire's U.S. headquarters are located in

the District; and (3) has sufficient capacity to adjudicate this litigation.  In sum, these cases

should be transferred to the Eastern District of Pennsylvania because the District is the "center of

gravity" with respect to the activity in this litigation.

## I.      BACKGROUND

Movant was an indirect purchaser of Adderall XR ("AXR") who, on several occasions during the Class Period, was unable to procure generic AXR because of the Defendants' anticompetitive conduct.  Movant and plaintiffs in the related actions seek both damages and injunctive relief.  All of the related actions involve common Defendants, Shire U.S., Inc., and Shire, LLC.  Defendant Shire U.S., Inc. is a New Jersey corporation with its principal place of business and headquarters in Wayne, Pennsylvania, just 20 miles from the federal courthouse in Philadelphia.  Defendant Shire LLC is a Kentucky limited liability company with its principal place of business in Florence, Kentucky.  (Defendants are referred to collectively hereinafter as "Shire" or "Defendants").

Defendants manufacture and sell AXR under the brand name Adderall XR and also sell the product as an "Authorized Generic" to generic companies to sell as a generic product. Though other companies were able to bring an Authorized Generic to the market in 2009, Defendants engaged in a fraudulent scheme in order to delay the entry of generic competition and restrict generic competition.   Specifically, Defendants filed a sham patent litigation, constructed anticompetitive reverse payment agreements with generic competitors, and unlawfully breached agreements to supply those competitors with materials to manufacture generic AXR, cutting off supply of cheaper-priced generic AXR consumers.  Plaintiffs allege that Defendants' conduct constitutes an illegal restraint of trade and an attempt at monopolization in violation of antitrust statutes.  Plaintiffs also allege Defendants' fraudulent and deceptive conduct harmed consumers by restricting the supply of generic AXR and forcing consumers to purchase the more expensive brand-name medication sold by Defendants.

II.     **ARGUMENT**

    A.     **This Litigation Satisfies the Requirements for Consolidation and Transfer Under 28 U.S.C. § 1407**

       The underlying purpose of transferring related actions under 28 U.S.C. § 1407 is to serve the convenience of the parties and witnesses and promote the just and efficient adjudication of actions. *In re Hydrogen Peroxide Antitrust Litig.*, 374 F.Supp. 2d 1345,1346 (J.P.M.L. 2005). A key factor in transferability and coordination under Section 1407 is the presence of common questions of fact. *In re Federal Election Campaign Act Litig.*, 511 F.Supp. 821,823 (J.P.M.L. 1979). As of the date of this filing, three known actions have been commenced against Shire in separate judicial Districts. (See Schedule of Actions). Each of these actions includes substantially similar claims and seeks substantially similar relief.

       Under 28 U.S.C. § 1407, the transfer and consolidation of these actions is appropriate, and will serve the purpose of judicial economy, national coordination of discovery and other pre-trial efforts, will prevent duplicative and potentially conflicting pretrial efforts, will prevent duplicative and potentially conflicting pretrial rulings, will reduce the costs of litigation, and will allow cases to proceed more efficiently to trial. Title 28, section 1407(a) of the United States Code provides, "when civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). The Panel "shall" make such transfers when in furtherance of the "convenience of the parties and witnesses" and when transfer "will promote the just and efficient conduct of such actions." *Id.* Because there are several similar actions involving common questions of fact, the requirements for transfer under § 1407 are met here. Each of the currently pending actions involves common questions of fact, including

whether Shire perpetuated a fraudulent scheme to create an AXR supply shortage in violation of the various consumer protection laws; whether Defendants' patent infringement lawsuits filed against generic manufacturers were fraudulent and deceptive and for the improper purpose of preventing entry of competing generic products into the market; whether Defendants' intentional breach of supply agreements with generic manufacturers violated consumer protection laws; and whether, as a result, Plaintiffs have been injured by Defendants' anticompetitive conduct.

Because there are common issues of fact and because there are several similar pending cases, these actions are well suited for transfer and pre-trial consolidation.  Consolidation will foster the just and efficient conduct of these actions by preventing duplicative discovery and preventing inconsistent resolution of pretrial issues.

Transfer and consolidation of the actions will best serve the interests of justice and efficiency by permitting a single court to coordinate discovery and resolve disputes common to the pending actions, thus avoiding unnecessary taxing of the judicial system's and the litigants' finite resources. *See In re Temporomandibular Joint (TMJ) Implant Prod/'s Liab. Litig.* 844 F.Supp. 1553, 1554 (J.P.M.L. 1994).

The convenience of the parties and witnesses clearly supports transfer and pre-trial consolidation.  Because of the common defendants, virtually identical issues of law and fact, and the number of current claims, transfer and consolidation is most convenient for the parties and potential witnesses common to these actions.

**B.     The District of Eastern District of Pennsylvania is the Appropriate Transferee Forum**

The factors considered by this Panel in determining the appropriate MDL forum include: (1) location of the parties, witnesses and documents; (2) the accessibility of the proposed transfer district to parties and witnesses; and (3) the respective caseloads of the proposed transferee

- 4 -

district courts.  *See In re Corn Derivatives Antitrust Litig.* 486 F.Supp 929, 93 1-32 (J.P.M.L. 1980).  An analysis of these factors supports transfer of these actions to the Eastern District of Pennsylvania for consolidated pre-trial proceedings.

**1.    Because Shire's U.S. Headquarters are Located in Wayne, Pennsylvania, the Eastern District of Pennsylvania is a Convenient Forum for the Parties and Witnesses**

An important factor for consideration by the Panel is the district with convenient and easy access for the parties and witnesses.  The Eastern District of Pennsylvania is clearly the "center of gravity" with respect to the activity in this litigation.  Shire's U.S. headquarters is located in Wayne, Pennsylvania – which is served by the Eastern District of Pennsylvania.  According to Shire's Form 10-K for fiscal year 2012, the company leases a 420,000 square foot office building in Wayne, PA.  Upon information and belief, approximately 1,100 people are employed by Shire in the Wayne business campus.[1]  In addition, the product labeling for AXR indicates that Adderall XR is "Manufactured for Shire US Inc., Wayne, PA 19087."[2]  Because Shire's U.S. headquarters are in Wayne, Pennsylvania, it is likely to be the source of a substantial number of witnesses and documents subject to discovery.  As such, the Eastern District of Pennsylvania would be convenient for counsel, witnesses, and parties for any hearings or other proceedings relating to the MDL.  *See In re: Comcast Corp. Set-Top Cable Television Box Antitrust Litigation*, MDL No. 2034, Transfer Order, June 17, 2009 (Where the Panel concluded that the Eastern District of Pennsylvania was an appropriate transferee forum because Comcast was headquartered there, and relevant documents and witnesses would be located there).

---

[1] *See* "Shire CEO says Company Nearing Decision on Move From Chesterbrook," Aug. 13, 2012, *available at* http://mobile.philly.com/business/?wss=/philly/business&id=166063786&viewAll=y (last visited April 10, 2013).

[2] *See* "Medication Guide: Adderall XR," *available at* http://www.fda.gov/downloads/Drugs/DrugSafety/ucm085819.pdf (last visited April 10, 2013).

In addition, the Eastern District of Pennsylvania provides an easily accessible location given its proximity to a major airport just minutes from the courthouse, allowing easy access for litigants, witnesses, and counsel.   The James A. Byrne Courthouse in Philadelphia is approximately 11 miles from Philadelphia International Airport, which is one of the country's busiest airports, with direct flights to numerous U.S. cities and over 700 daily departures. Therefore, the Eastern District of Pennsylvania provides a convenient and central hub for the litigation.

## 2.    The Eastern District of Pennsylvania Has Sufficient Capacity to Adjudicate the Cases.

Another relevant factor is the transferee court's capacity to handle the cases.  The Panel favors districts where the transferred cases will not add to an already overburdened docket.  *In re Webvention LLC ('294) Patent Litig.,* 831 F. Supp. 2d 1366, 1367 (J.P.M.L. December 15, 2011) (avoiding transfer of districts with "large civil caseloads" and choosing a transferee court with "more favorable" docket conditions). The Panel thus places a premium on speed and efficiency. *In re Maxim Integrated Prods.,* 2012 U.S. Dist. LEXIS 79496, at *8 (J.P.M.L. June 8, 2012) (transferring to court in part because "litigants can expect a prompt claim construction ruling" from that court).  Based upon the relatively small number of pending MDLs assigned to the Eastern District of Pennsylvania vis-à-vis the number of judges, Movant believes that the District has sufficient capacity to adjudicate the cases.

Moreover, the Eastern District of Pennsylvania has able jurists, to whom this Panel has already entrusted previous MDLs, including: *In re: Diet Drugs (Phentermine / Fenfluramine / Dexfenfluramine) Products Liability Litigation,* MDL No. 1203; *In re: Comcast Corp. Set-Top Cable Television Box Antitrust Litigation,* MDL No. 2034;  *In re: Budeprion XL Marketing and Sales Practices Litigation,* MDL No. 2107; *In re: National Football League Players'*

*Concussion Injury Litigation*, MDL No. 2323; *In Re: Blood Reagents Antitrust Litigation*, MDL No. 2081; *In Re: Pharmacy Benefit Managers Antitrust Litigation*, MDL No. 1782; *In Re: Foot Locker, Inc., Fair Labor Standards Act (FLSA) and Wage and Hour Litigation*, MDL No. 2235; *In Re: CertainTeed Fiber Cement Siding Litigation* MDL No. 2270; *In Re: Processed Egg Products Antitrust Litigation*, MDL No. 2002; *In Re: Imprelis Herbicide Marketing, Sales Practices and Products Liability Litigation*, MDL No. 2284; *In Re: Asbestos Products Liability Litigation* (No.VI), MDL No. 875; *In re: Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL No. 1871; *In re: Zoloft (Sertraline Hydrochloride) Products Liability Litigation*, MDL No. 2342; and *In re: Fasteners Antitrust Litigation*, MDL No. 1912.

### 3. District Judges Edmund V. Ludwig and Berle M. Schiller are Experienced Judges Capable of Handling this Type of Litigation

The experience and ability of District Judges Edmund V. Ludwig and Berle M. Schiller are other factors which support the transfer of these actions to the Eastern District of Pennsylvania. The availability of an experienced, competent judge weighs heavily in favor of transferring a case to that district. *See In re Hawaiian Hotel Room Rate Antitrust Litig.*, 438 F.Supp. 935, 936 (J.P.M.L. 1977); *In re Sugar Indus. Antitrust Litig.*, 437 F.Supp. 1204, 1208 (J.P.M.L. 1977); *In re Ampicillin Antitrust Litig.*, 315 F.Supp. 317, 319 (J.P.M.L. 1970).

Neither Judge Edmund V. Ludwig, nor Judge Berle M. Schiller are currently presiding over an MDL and both Judges are eminently qualified to preside over this litigation. Movant's case, *Netwall v. Shire U.S., Inc., et al.* (Case No. 2:13-cv-01669-EL), which was the first-filed action, has been assigned to Judge Ludwig, who has 28 years of experience in the District Court. Judge Ludwig has presided over *In re Latex Gloves Products Liability Litigation*, MDL No. 1148, which involved claims for severe toxic reactions developed by medical personnel as a result of exposure to the latex found in latex gloves used in their profession. However, *In re*

*Latex Gloves Products Liability Litigation* was assigned to Judge Ludwig on February 26, 1997, more than 15 years ago. Shortly thereafter, Judge Ludwig assumed senior status on May 20, 1997.

In the event Judge Ludwig is unable or unavailable to preside over this MDL, Judge Berle M. Schiller is also eminently qualified to handle this litigation. Judge Schiller has served as a federal Judge in the Eastern District of Pennsylvania since 2000. Movant proposes that this MDL be transferred to Judge Schiller in light of Judge Schiller's recent experience in presiding over *In re: Budeprion XL Marketing & Sales Practices Litigation*, MDL No. 2107, which was assigned to Judge Schiller in 2009. In that case, Plaintiffs alleged that Defendant fraudulently misrepresented the generic drug, Budeprion's equivalence to Wellbutrin XL. In light of Judge Schiller's recent experience and significant expertise in handling a complex MDL that involved similar issues pertaining to the generic pharmaceutical market, Judge Schiller is highly qualified to preside over this litigation.[3] As stated above, the experience and knowledge of a particular judge are factors that are considered in determining the appropriate transferee forum for a case. *See In re "Factor VIII or IX Concentrate Blood Prod. Liab. Litig.*, 853 F.Supp. 454, 455 (J.P.M.L. 1993); *In re Silicon Gel Breast Implants Prod. Liab. Litig.*, 793 F.Supp. at 1101; *In re Data General Corp. Antitrust Litig.*, 470 F.Supp. 855, 859 (J.P.M.L. 1979).

**III. CONCLUSION**

Transfer and consolidation for pre-trial proceedings of all pending and subsequently filed actions will promote the just and efficient conduct of these actions by allowing national

---

[3] The Panel typically designates a judge from the transferee district for pretrial proceedings. The Panel is not required to designate the judge assigned to one of the original actions. Manual for Complex Litigation, Fourth, sec 20.131. *See also In re: Fresenius Granuflo/Naturalyte Dialysate Products Liability Litigation*, MDL No. 2428 (Where the Panel transferred the matter to Judge Douglas P. Woodlock in the District of Massachusetts, who was not assigned one of the original actions).

coordination of discovery and other pre-trial efforts, will prevent duplicative and potentially conflicting pre-trial rulings, will reduce the costs of litigation, and allow cases to proceed more efficiently to trial.  For all of the foregoing reasons, including the fact that the Eastern District of Pennsylvania is the "center of gravity" in this case, Movant respectfully requests the Panel enter an order that the related actions be consolidated and transferred to the Eastern District of Pennsylvania.

Respectfully submitted,


By: /s/ Ruben Honik
Ruben Honik, Esq.
Richard M. Golomb, Esq.
Tammi A Markowitz, Esq.
GOLOMB & HONIK, P.C.
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Telephone:  215-985-9177
Fax:  215-985-4169
rgolomb@golombhonik.com
rhonik@golombhonik.com
tmarkowitz@golombhonik.com

Date: April 10, 2013

## PROOF OF SERVICE

I, **RUBEN HONIK, ESQUIRE**, hereby certify that a copy of the foregoing **Motion of Plaintiff Allyson Netwall for Transfer of Actions to the Eastern District of Pennsylvania Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings** and **Brief in Support, Schedule of Actions and this Proof of Service**, to the following parties on the below date, via U.S. Mail, postage prepaid:

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judicial Building
One Columbus Circle, N.E.
Room G-255, North Lobby
Washington, DC 20002-8004

Clerk, Eastern District of Pennsylvania
James A. Byrne United States Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106

Clerk, Central District of California
312 North Spring Street, Room G-419
Los Angeles, CA 90012

Clerk, Southern District of Florida
Miami Division
Wilkie D. Ferguson, Jr.
United States Courthouse
400 North Miami Avenue
Miami, FL 33128

**Erin Shaffer v. Shire U.S., Inc., et al.**
**USDC Central District of California; Case No. 2:13-cv-02363-JC**

Allan Kanner, Esq.
Conlee Whiteley, Esq.
Cynthia St. Amant, Esq.
**Kanner and Whiteley LLC**
701 Camp Street
New Orleans, LA 70130
(504) 524-5777
a.kanner@kanner-law.com
c.whiteley@kanner-law.com
c.stamant@kanner-law.com
*Attorneys for Plaintiff, Erin Shaffer individually*
*and for all other persons similarly situated*

Gillian L. Wade, Esq.
Sara D. Avila, Esq.
Michael I. Miller, Esq.
**Milstein Adelman LLP**
2800 Donald Douglas Loop North
Santa Monica CA 90405
(310) 396-9600
gwade@milsteinadelman.com
savila@milsteinadelman.com
imiller@milsteinadelman.com
*Attorneys for Plaintiff, Erin Shaffer individually*
*and for all other persons similarly situated*

Shire U.S., Inc.
725 Chesterbrook Blvd.
Wayne, PA 19087
*Defendant*

Shire LLC
9200 Brookfield Court
Florence, KY 41042
*Defendant*

**Barba et al. v. Shire US, Inc. et al.**
**USDC Southern District of Florida; Case No. 1:13-cv-21158-JAL**

Brian Ku, Esq.
M. Ryan Casey, Esq.
**Ku & Mussman, PA**
12550 Biscayne Blvd., Suite # 406
Miami, Florida 33181
Tel: (305) 891-1322
brian@kumussman.com
ryan@kumussman.com
*Attorneys for Plaintiffs Monica Barba and*
*Jonathan Reisman individually and for all other*
*persons similarly situated*

Allan Kanner, Esq.
Conlee Whiteley, Esq.
Cynthia St. Amant, Esq.
John R. Davis, Esq.
Brittney N. Bullock, Esq.
**Kanner and Whiteley LLC**
701 Camp Street
New Orleans, LA 70130
(504) 524-5777
a.kanner@kanner-law.com
c.whiteley@kanner-law.com
c.stamant@kanner-law.com
j.davis@kanner-law.com
b.bullock@kanner-law.com
*Attorneys for Plaintiffs Monica Barba and*
*Jonathan Reisman individually and for all other*
*persons similarly situated*

Shire U.S., Inc.
725 Chesterbrook Blvd.
Wayne, PA 19087
*Defendant*

Shire LLC
9200 Brookfield Court
Florence, KY 41042
*Defendant*

**Allyson Netwall v. Shire US, Inc., et al.**
**USDC Eastern District of Pennsylvania; Case No. 2:13-cv-01669-EL**

| | |
|---|---|
| Richard M. Golomb, Esquire | Allan Kanner, Esq. |
| Ruben Honik, Esquire | Conlee Whiteley, Esq. |
| Tammi Markowitz, Esquire | **Kanner and Whiteley LLC** |
| **Golomb & Honik, P.C.** | 701 Camp Street |
| 1515 Market Street, Suite 1100 | New Orleans, LA 70130 |
| Philadelphia, PA 19102 | (504) 524-5777 |
| Phone: (215) 985-9177 | a.kanner@kanner-law.com |
| rgolomb@golombhonik.com | c.whiteley@kanner-law.com |
| rhonik@golombhonik.com | *Attorneys for Plaintiff Allyson Netwall individually* |
| tmarkowitz@golombhonik.com | *and for all  other persons similarly situated* |
| *Attorneys for Plaintiff Allyson Netwall individually* | |
| *and for all  other persons similarly situated* | |

| | |
|---|---|
| Shire U.S., Inc. | Shire LLC |
| 725 Chesterbrook Blvd. | 9200 Brookfield Court |
| Wayne, PA 19087 | Florence, KY 41042 |
| *Defendant* | *Defendant* |

DATED:  April 10, 2013

Respectfully submitted,

**GOLOMB & HONIK, P.C.**

By:＿＿/s/ Ruben Honik＿＿＿＿＿＿＿＿＿＿

Ruben Honik, Esq.
**GOLOMB & HONIK PC**
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Telephone:    (215) 985-9177
Facsimile:    (215) 985-4169
rhonik@golombhonik.com

*Attorneys for Plaintiff and the proposed Class members*

**Before the Judicial Panel on Multidistrict Litigation**
MDL - _____ - *In re: Adderall XR Marketing and Sales Practices Litigation*

## *SCHEDULE OF ACTIONS*

| CASE CAPTIONS | COURT | CIVIL ACTION NO. | JUDGE |
|---|---|---|---|
| **Plaintiff(s):** Allyson Netwall <br><br> **Movant:** <br><br> **Defendant(s):** **Shire U.S., Inc. & Shire, LLC** | Eastern District of Pennsylvania | 2:13-cv-01669-EL | Edmund V. Ludwig |
| **Plaintiff(s):** Erin Shaffer <br><br> **Movant:** <br><br> **Defendant(s):** **Shire U.S., Inc. & Shire, LLC** | Central District of California (Western Division – Los Angeles) | 2:13-cv-02363-CAS-JC | Christina A. Snyder |
| **Plaintiff(s):** Monica Barba <br> Jonathan Reisman <br><br> **Movant:** <br><br> **Defendant(s):** **Shire U.S., Inc. & Shire, LLC** | Southern District of Florida (Miami Division) | 1:13-cv-21158-JAL | Joan A. Lenard |