UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ADDERALL XR (AMPHETAMINE/
DEXTROAMPHETAMINE) MARKETING,
SALES PRACTICES AND ANTITRUST LITIGATION          MDL No. 2453

ORDER DENYING TRANSFER

**Before the Panel:** Pursuant to 28 U.S.C. § 1407, plaintiff in the Eastern District of Pennsylvania action moves to centralize this litigation in the Eastern District of Pennsylvania. This litigation currently consists of three actions pending in the Central District of California, the Southern District of Florida, and the Eastern District of Pennsylvania, as listed on Schedule A.[1]

Plaintiffs in all three actions, as well as in the recently-noticed related actions, support centralization in the Eastern District of Pennsylvania. Defendants Shire U.S., Inc., and Shire, LLC (collectively, Shire) oppose centralization, arguing that alternatives to centralization are available to avoid duplicative efforts. Specifically, Shire argues that the small number of actions, limited overlap of putative classes, and common counsel mean that centralization is unnecessary for this litigation. If the Panel deems centralization appropriate, Shire suggests that this litigation be centralized in the Southern District of New York.

On the basis of the papers filed and hearing session held, we will deny the motion. We acknowledge that these actions share a common factual core, in that each involves allegations that Shire engaged in an anticompetitive scheme designed to exclude generic competition for Shire's name brand Adderall XR medication and maintain the price and market share of Shire's product. However, we are not persuaded, on the record before us, that centralization is necessary either to assure the convenience of the parties and witnesses or for the just and efficient conduct of this litigation.

There are only three actions and two potential tag-along actions in this docket. "[W]here only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization." *In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Plaintiffs have not met this higher burden. The putative statewide classes in these actions, all of which consist of indirect purchasers of Adderall XR, do not significantly overlap. Each of the plaintiffs avers claims based upon different state antitrust and consumer protection laws. Thus, the potential for conflicting pretrial rulings, particularly as to class certification, appears to be minimal.

---

[1] The parties have notified the Panel of two additional related actions pending in the District of Massachusetts and the Western District of North Carolina.

-2-

The limited number of actions and parties in this litigation also reduces the potential for duplicative discovery. All three plaintiffs in the actions on the motion share counsel, and Shire is the sole defendant in each of the actions. Even if we consider the two recently-noticed related actions, this litigation involves only a small number of law firms. Accordingly, informal cooperation among the involved attorneys and coordination between the involved courts seems preferable to formal centralization. *See, e.g.*, *In re Fresh Dairy Prods. Antitrust Litig.*, 856 F. Supp. 2d 1344, 1345 (J.P.M.L. 2012). As we have previously observed in similar circumstances, "[n]otices of deposition can be filed in all related actions; the parties can stipulate that any discovery relevant to more than one action can be used in all those actions; or the involved courts may direct the parties to coordinate their pretrial activities." *In re Trans Union LLC Fair Credit Reporting Act (FCRA) Litig.*, MDL No. 2427, __ F. Supp. 2d __, 2013 WL 500845, at *1 (J.P.M.L. Feb. 7, 2013).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| Kathryn H. Vratil | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Sarah S. Vance |

**IN RE: ADDERALL XR (AMPHETAMINE/ DEXTROAMPHETAMINE) MARKETING, SALES PRACTICES AND ANTITRUST LITIGATION**   MDL No. 2453

## SCHEDULE A

<u>Central District of California</u>

Erin Shaffer v. Shire LLC, et al., C.A. No. 2:13-02363

<u>Southern District of Florida</u>

Monica Barba, et al. v. Shire U.S., Inc., et al., C.A. No. 1:13-21158

<u>Eastern District of Pennsylvania</u>

Allyson Netwall v. Shire U.S., Inc., et al., C.A. No. 2:13-01669