UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami-Dade Division

CASE NO. 13-21158-CIV-LENARD/GOODMAN

MONICA BARBA and JONATHAN REISMAN, )
on behalf of themselves and all others similarly )
situated, )
 )
                    Plaintiffs, )
  v. )
 )
SHIRE U.S., INC., a New Jersey Corporation, )
SHIRE, LLC, a Kentucky Limited Liability )
Company, and DOES 1 through 100, inclusive, )
 )
                    Defendants. )

**PLAINTIFFS' NOTICE OF FILING**

Plaintiffs Monica Barba and Jonathan Reisman (collectively, "Plaintiffs"), by and through their undersigned counsel, respectfully submit this Notice of Filing pursuant to Magistrate Judge Goodman's instructions.

At the October 16, 2015 hearing conducted on Plaintiffs' Renewed Motion for Class Certification, Magistrate Judge Goodman posited how a consumer such as himself might "track down where I obtained my prescription medication." (*See* Mtn. Hr'g Tr. at 96:24-25; *see generally id.* at 96:21-98:11). Assuming a consumer's original pharmacy closed and "somehow didn't transfer the [pharmacy] records" to a new pharmacy, the Magistrate Judge queried whether "my doctor would have that information." *Id.* at 97:13-15. The Court proceeded to ask whether "there also was discussion in those expert depositions or in reports about these other potential sources of information such as actual physicians, healthcare providers, insurance carriers, and the like?" *Id.* at 98:8-11. The Court orally directed Plaintiffs' counsel to identify this information in the record, *see id.* at 99:2-25, and subsequently issued a written order directing same. *See* October 19, 2015 Order (ECF 309).

As directed, Plaintiffs herewith give notice of the following citations in the record in which the parties' experts, Elan Rubinstein, Pharm.D. and Robert Navarro, Pharm.D., discuss the availability of prescription records from "physicians or healthcare providers," *see* ECF 309, and "insurance carriers and the like," *see* Hr'g Tr. at 98:8-11:

- ECF 280-1 at page 31[1] (Dr. Rubinstein's deposition testimony at 77:10-78:2 ("every single piece of information that you could want to understand how a person uses a prescription drug is housed within the database . . . a patient has an electronic—a medical record which is usually in the physician's office . . . With prescription drugs you've got an amazing amount of data to analyze");

---

[1] Plaintiffs use the page number assigned by the Court's CM/ECF system.

- ECF 227-2 at page 9 (Dr. Navarro's expert report at ¶ 22 (identifying potential information required by the State Board of Pharmacy to be recorded in pharmacy transactions, including "prescriber information (e.g., prescriber identifier, if use of a defined physician provider panel is required)") and at page 15 (*Id.* at ¶ 37 ("I agree with Dr. Rubinstein that the level of data available from a PBM by a patient request will be prescription level data, similar to data available from a dispensing pharmacy"));

- ECF 217-54 at page 5 (Dr. Rubinstein's expert report at ¶ 18 ("employer-insured, or uninsured, United States consumers prescribed drugs have at least one point of interface (besides with prescribing healthcare providers) that creates a recorded transaction of the drug purchased, in what quantities, when, where, and how much was paid.")) and ¶ 19 ("If the pharmacy plan is administered by a PBM, the PBM then bills the member's health plan or other payer an amount based on the payment formula stipulated in its provider service agreement, minus the beneficiary cost-share amount collected by the pharmacy")); page 6 (*Id.* at ¶ 24 (describing the typical relationship between a PBM, health plan and pharmacy)); page 7 (*Id.* at ¶ 29 ("multiple standardized data sets exist and are regularly used in the pharmaceutical supply chain that contain sufficient information as to prescription drugs purchases, sufficiently detailed patient identifiers, when the prescription was dispensed, the pharmacy at which it was dispensed, the total approved prescription costs, and patient's out-of-pocket share of that cost"); and, page 8 (*Id.* at ¶ 33 ("Accordingly, pharmacies and pharmacy benefit management companies maintain prescription drug claims records for at least 10 years"));

- ECF 227-9 at page 11 (Dr. Rubinstein's deposition testimony at 68:21-13 ("the

patient can obtain [data to identify persons within a certain date range who purchased Adderall XR] directly from the pharmacy or the pharmacy chain. It can also be obtained from the PBM or the health plan"));

- ECF 280-1 at page 29 (Dr. Rubinstein's deposition testimony at 71:1-3 ("The prescription drug data is maintained at the pharmacy level and at the PBM level and is also maintained by the health plan."));

- ECF 244-3 at page 21 (Dr. Rubinstein's deposition testimony at 74:1-75:7 (testifying "the same data is also housed at the health plan that has a contract with that PBM" and that patients may "identify where they got their prescription through their PBM or their health plan"); and, page 22 (Dr. Rubinstein's deposition testimony at 81:2-8 (agreeing potential class members could be identified using PBM data, health insurance data and one's prescription records)).

- ECF 280-1 at pages 16-24. This is a Prime Therapeutics Payer Specification Sheet discussed in ¶ 24 & footnote 7 of the Rubinstein Declaration and attached as Exhibit 5 to the Rubinstein Deposition. *See* ECF 244-3 at page 15 (Rubinstein Deposition at 52:14- 53:20). This document reflects the types of information entities may maintain or require for pharmacy transactions, based on the NCPDP data fields. The document includes "required" fields for "Prescriber ID Qualifier" – such as the prescriber's "DEA number," among other fields such as "Prescriber Last Name," "Primary care Provider ID," etc. *See* ECF 280-1 at page 20.

- Other pertinent excerpts of Dr. Navarro's deposition testimony, which were not previously submitted to this Court, are attached hereto as Exhibit A and include:
  - Navarro Tr. at 56:25 – 58:22 (discussing "prescription number" and other objective information recorded by pharmacies and noting, at 58:2-11, that

- for mail order pharmacies "[t]here may be an electronic transmission of the prescription from the physician to the mail service pharmacy.");
- Navarro Tr. at 59:5-25 (agreeing that "entities participating in Medicare are expected to maintain records for 10 years," including pharmacies as well as "insurers," *id.* 59:19-21, and "PBMs," *id.* at 59:22-23);
- Navarro Tr. at 64:7 – 65:6 (agreeing that patients have the right to request their medical records, *id.* 64:7-14, including requests for those records made to PBMs, *id.* 64:15-18, and health plans, *id.* 64:23 – 65:6);
- Navarro Tr. at 99:19 – 100:2: (when a patient purchases a prescription for Adderall XR, if insured, the patient's "health plan may have a record of the prescription transaction.");
- Navarro Tr. 102:20 – 101:6: (when a patient purchases a prescription for Adderall XR, if the patient has a pharmacy benefit managed by a PBM, "the PBM would have a record of that transaction");
- Navarro Tr. 136:22 – 137:13 ("Q: Would you expect a PBM to have the same type of pharmacy transaction record data as a dispensing pharmacy? A: As I say in my report, I believe the prescription record that is a prescription history is similar to what a pharmacy maintains, that is those data from a PBM prescription record. Q: So if a potential class member or members' pharmacy were to fill a prescription for Adderall XR, would he even need to request that same duplicative information from a PBM? A: The PBM is an alternative source of some of the prescription history information….."); and,
- Navarro Tr. 187:11 – 188:14 (agreeing that there "are certain NCPDP data

-4-

elements used routinely to process prescriptions based upon the information required by State Board of Pharmacy regulations," including any "third-party involved with pain [sic] [errata sheet states "pain" should be "paying a"] prescription, such as a health plan or PBM, the subscriber information….So those are some of the elements that are required to process a managed prescription drug claim accurately.").

Courtesy copies of the above-referenced documents are attached hereto as Composite Exhibit 1. The materials comprising Exhibit A are attached as part of Composite Exhibit 1.

Date: October 23, 2015                                  Respectfully submitted,

                                                                           **KU & MUSSMAN, PA**

By: /s/   Brian T. Ku
    Brian T. Ku, Esq. (Fla. # 610461)
    brian@kumussman.com
    Louis Mussman, Esq. (Fla # 597155)
    Louis@kumussman.com
    M. Ryan Casey, Esq. *(Pro Hac Vice)*
    ryan@kumussman.com
    Ku & Mussman, P.A.
    6001 NW 153rd Street, Suite 100
    Miami Lakes, Florida 33014
    Tel: (305) 891-1322
    Fax: (305) 891-4512

                -and-

    Conlee Whiteley, Esq. *(Pro Hac Vice)*
    c.whiteley@kanner-law.com
    John R. Davis, Esq. *(Pro Hac Vice)*
    j.davis@kanner-law.com
    Kanner & Whiteley, LLC
    701 Camp Street
    New Orleans, Louisiana 70130
    Tel: (504) 524-5777

Fax: (504) 524-5763

-and-

Ruben Honik, Esq. *(Pro Hac Vice)*
RHonik@GolombHonik.com.
Richard M. Golomb, Esq. *(Pro Hac Vice)*
RGolomb@GolombHonik.com
Kenneth J. Grunfeld, Esq. *(Pro Hac Vice)*
KGrunfeld@GolombHonik.com
GOLOMB & HONIK, P.C.
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Tel: (215) 985-9177
Fax: (215) 985-4169

-and-

Gillian L. Wade, Esq. (*Pro Hac Vice*)
Gwade@milsteinadelman.com
Sara D. Avila, Esq. (*Pro Hac Vice*)
Savila@milsteinadelman.com
MILSTEIN ADELMAN, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405
Tel.: (310) 396-9600
Fax: (310) 396-9635

*Attorneys for Plaintiffs and the Class*

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that on this 23rd day of October, 2015, this filing complies with Local Rule 5.1 and this Court's January 29, 2015 Order (ECF 173).

By:   /s/ Brian T. Ku

Brian T. Ku, Esq. (Fla. # 610461)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of October, 2015, a true and correct copy of the foregoing has been furnished via Electronic Mail to all counsel listed below.

**David A. Zwally**
dzwally@flhlaw.com
**Edgar H. Haug**
ehaug@flhlaw.com
**John F. Collins**
jcollins@flhlaw.com
**Porter F. Fleming**
pfleming@flhlaw.com
FROMMER LAWRENCE & HAUG, LLP
745 Fifth Avenue
New York, New York 10151
Tel: (212) 588-0800

**Michael F. Brockmeyer**
mbrockmeyer@flhlaw.com
FROMMER LAWRENCE & HAUG, LLP
1667 K. Street, NW
Washington, DC 20006
Tel: (202) 292-1530

**David S. Shotlander**
dshotlander@flhlaw.com
FROMMER LAWRENCE & HAUG, LLP
1667 K. Street NW
Suite 500
Washington, DC 20006
Tel: (202) 292-1530

**Eric Christu**
echristu@shutts.com
**Daniel Barskey**
dbarsky@shutts.com
SHUTTS & BOWEN LLP
1000 CityPlace Tower
525 Okeechobee Blvd.
West Palm Beach, Florida 22401
Tel: (561) 650-8518

By:   /s/    Brian T. Ku
        Brian T. Ku, Esq. (Fla. # 610461)