UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami-Dade Division
Case No.: 13-CV-21158-LENARD/GOODMAN

MONICA BARBA, JONATHAN REISMAN, )
KAREN DEREUS, RAYNA DEREUS, JODI )
LEIT, MINDI LEIT, AND BARRIE AND )
BRIAN SHANAHAN, on behalf of themselves )
and all others similarly situated, )
)
      Plaintiffs, )
)
           v. )
)
SHIRE U.S., INC., SHIRE LLC, and )
DOES 1-100, )
)
      Defendants. )

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, GRANTING MOTION FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS AND OVERRULING OBJECTIONS TO THE SETTLEMENT; FINAL JUDGMENT AND ORDER DISMISSING ACTIONS**

On April 11, 2016 this Court granted preliminary approval of the proposed class action settlement set forth in the April 7, 2016 Class Action Settlement Agreement ("the Agreement") between Monica Barba, Jonathan Reisman, Karen DeReus, Rayna DeReus, Jodi Leit, Mindi Leit, and Barrie Shanahan and Brian Shanahan on behalf of their minor child B.S., (collectively, "Plaintiffs"), individually and on behalf of a putative class of indirect purchasers of Adderall XR®, and Shire U.S., Inc. and Shire LLC (collectively, "Shire").[1] [D.E. 427].

On November 9, 2016, the Court held a duly noticed Fairness Hearing to consider (1) whether the terms and conditions of the Settlement Agreement are fair, adequate and reasonable; (2) whether a judgment should be entered dismissing the Actions with prejudice; (3) whether and

---

[1] Unless otherwise defined, capitalized terms in this Order have the definitions found in the Settlement Agreement.

in what amount to approve Plaintiffs' Motion for Attorneys' Fees, Costs and Service Awards; and (4) the objections to the Settlement presented by Patrick S. Sweeney, in pro se and on behalf of his son MKS, for whom Mr. Sweeny is the legal guardian, Steven F. Helfand, in pro se, and Daniel F. Bachman and Plaintiffs' response thereto [D.E. 435]. At the conclusion of the Fairness Hearing, the undersigned granted Plaintiffs' Motion for Final Approval [D.E. 429] and Motion for Attorneys' Fees, Costs and Service Awards [D.E. 430] and overruled the objections of Mr. Bachman [D.E. 433], Mr. Sweeney [D.E. 434] and Mr. Helfand [D.E. 431].

Accordingly, pursuant to Federal Rules of Civil Procedure 23 and 54 and based on the following relevant findings and conclusions, it is hereby **ORDERED, ADJUDGED, AND DECREED that:**

1. This Final Judgment and Order of Dismissal with Prejudice hereby incorporates by reference the definitions in the Settlement Agreement among the parties to this Action on file with this Court, and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreement. As set forth in the Preliminary Approval Order [D.E. 427], dated April 11, 2016, the previously certified Settlement Class is defined as:

> All persons who, for personal or household use, purchased or paid for some or all of the purchase price for branded Adderall XR® from January 1, 2007 through April 11, 2016 ("the Claims Period") in the District of Columbia and the following states (collectively "the Territory"):
>
> Alabama, Arizona, California, Delaware, Florida, Georgia, Idaho, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, New Jersey, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.
>
> Excluded from the Settlement Class are:

2

  (i) third party payors;

  (ii) persons and entities who purchased directly from Shire;

  (iii) persons and entities who purchased only for resale purposes;

  (iv) "Flat co-pay" or "Cadillac Plan" customers who only made fixed dollar-amount co-payments that do not vary between Adderall XR® and its generic equivalents;

  (v) patients with insurance coverage that provided for a flat-rate co-pay provision;

  (vi) governmental entities;

  (vii) Shire, its officers, directors, affiliates, legal representatives, employees, predecessors, successors, subsidiaries, affiliates and assigns, and entities in which Shire has a controlling interest; and

  (viii) the judges, justices, magistrates, or judicial officers presiding over this matter.

2. The Court has jurisdiction over this Action, over each of the parties and over all Settlement Class members.

3. The Court finds that the class previously certified continues to meet all the requirements of Fed. R. Civ. P. 23(a) and (b)(3). Class certification will be maintained for the purposes of effectuating the Settlement.

4. The Court has previously appointed the above-identified Plaintiffs as representatives of the Settlement Class.

5. The Court has also previously appointed the following Counsel for the Settlement Class ("Class Counsel"), and recognizes that they have continued to adequately and fairly represent the Settlement Class:

Conlee Whiteley, Esq. (*Pro Hac Vice*)
Allan Kanner (*Pro Hac Vice*)
**Kanner & Whiteley, LLC**
701 Camp Street
New Orleans, Louisiana 70130

Ruben Honik, Esq. (*Pro Hac Vice*)
Richard M. Golomb, Esq. (*Pro Hac Vice*)
David J. Stanoch, Esq. (*Pro Hac Vice*)
**Golomb & Honik, P.C.**
1515 Market Street, Suite 1100
Philadelphia, PA 19102

| | |
|---|---|
| Brian T. Ku, Esq. (Fla. # 610461) | Gillian L. Wade, Esq. (*Pro Hac Vice*) |
| Louis Mussman, Esq. (Fla # 597155) | Sara D. Avila, Esq. (*Pro Hac Vice*) |
| M. Ryan Casey, Esq. (*Pro Hac Vice*) | **Milstein Adelman Jackson Fairchild &** |
| **Ku & Mussman, P.A.** | **Wade, LLP** |
| 6001 NW 153rd Street, Ste. 100 | 10250 Constellation Boulevard 14th Floor |
| Miami Lakes, Florida 33041 | Los Angeles, CA 90067 |

6. The notice of settlement (in the form presented to this Court as Exhibits E, F, and G, attached to the Settlement Agreement [D.E. 423-1] (collectively, "the Notice") directed to the Settlement Class members, constituted the best notice practicable under the circumstances. In making this determination, the Court finds that the Notice was given to potential Settlement Class members who were identified through reasonable efforts, published using several publication dates in *Better Homes and Gardens*, *National Geographic*, and *People* magazines; placed on targeted website and portal banner advertisements on general Run of Network sites; included in e-newsletter placements with *ADDitude*, a magazine dedicated to helping children and adults with attention deficit disorder and learning disabilities lead successful lives, and posted on the Settlement Website which included additional access to Settlement information and a toll-free number. Pursuant to, and in accordance with, Federal Rule of Civil Procedure 23, the Court hereby finds that the Notice provided Settlement Class members with due and adequate notice of the Settlement, the Settlement Agreement, these proceedings, and the rights of Settlement Class members to make a claim, object to the Settlement or exclude themselves from the Settlement.

7. The class notice program received a very good response resulting in the filing of over 23,400 claims which included over 855,000 prescriptions for Adderall XR®.

8. Due and adequate notice of the proceedings having been given to the Settlement Class and a full opportunity having been offered to the Settlement Class to participate in the

Fairness Hearing, it is hereby determined that all Settlement Class members are bound by this Final Order and Judgment, except those who properly excluded themselves from the Settlement.

9.      The Court has held a Fairness Hearing to consider the fairness, adequacy and reasonableness of the proposed Settlement.

10.     The Court has considered the objections filed by Mr. Bachman, Mr. Sweeney and Mr. Helfand and the additional arguments presented by Mr. Helfand at the Fairness Hearing, as well as arguments of Class Counsel during the hearing and in their opposition brief.

11.     Mr. Bachman, by and through counsel, filed an objection [D.E. 433], arguing *inter alia* that the claims process was inadequate, plaintiffs lack standing, the settlement is both over inclusive and under inclusive, the Settlement payments to the Class members are inadequate, and the requested attorneys' fees are excessive. Mr. Sweeney, who is himself an attorney, filed an objection on his own behalf and on behalf of his son MKS [D.E. 434] arguing *inter alia* that the claims administration process lacks reliable oversight, that the Court should adopt, as a best practice standard, withholding attorneys' fees during the claims process, that the attorneys' fees are too high in relation to the 431 docket entries in the case and relief provided to the Class, and that insufficient documentation was provided to the Class. Class Counsel responded that the objections are without merit, are largely mischaracterizations of the Settlement Agreement and are consistent with if not identical to objections made by the same counsel in prior unrelated cases. *See* D.E. 435.

12.     The Court hereby overrules the objections of Mr. Bachman and Mr. Sweeney finding that they were not made in good faith, are frivolous and are not related to the Settlement at issue.

13. Mr. Helfand, in his filing, argued that the Settlement released claims for personal injury, and that the attorneys' fees and costs were excessive. During the Fairness Hearing, Mr. Helfand, himself an attorney, acknowledged there was in fact no release of personal injury claims and that his objection was incorrect, but additionally argued, *inter alia*, that class notice was deficient, that the *cy pres* award is unsupported, that counsel lacked sufficient information as to total number of claims and damages and that a special master should be appointed. Mr. Helfand further acknowledged that he had no objection to what he would receive as a class member under the Settlement and that he is a professional objector to class settlements. Class Counsel addressed each of these arguments at the Fairness Hearing and in their opposition brief. [D.E. 435].

14. The Court hereby overrules the objections of Mr. Helfand as to the Setttlement, presented in both his filing and during the Fairness Hearing, finding that the objections have no basis. The notice plan was properly effectuated as set forth in the Notice Plan approved by the Court and resulted in a class notice that was fair, adequate and reasonably calculated to apprise Class Members of the pendency of the Settlement and its benefits and consequences.

15. The Court further overrules Mr. Helfand's objections as to the attorneys' fees and costs finding Class Counsel provided fair and reasonable work, without inflated times or rates, and within the norms of a litigation and settlement requiring this amount of effort and level of complexity.

16. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement, as set forth in the Settlement Agreement, and finds that the Settlement is, in all respects fair, adequate, and reasonable in light of the factors set forth in *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984), as follows:

(a) the Settlement was not the product of collusion between Plaintiffs and Shire or their respective counsel, but rather was the result of bona fide and arms'- length negotiations before an experienced mediator, conducted in good faith between Class Counsel and Shire;

(b) this case was highly complex, expensive, and time consuming, and would have continued to be so if the case had not settled;

(c) discovery is complete and the factual record of the Action has been sufficiently developed to enable Class Counsel to make a reasoned judgment;

(d) Class Counsel and the Settlement Class would have faced numerous and substantial risks in establishing liability, causation, and damages if they had decided to continue to litigate rather than settle;

(e) the benefits provided by the Settlement are fair, adequate, and reasonable compared to the range of possible recovery; and

(f) the opinions of Class Counsel, the Plaintiffs, and absent Settlement Class members favor approval of the Settlement.

Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

17. The Action (as captioned above) is hereby dismissed with prejudice, as provided in the Settlement Agreement, and without costs, except as provided for herein and in the Settlement Agreement.

18. The Court approves the parties' plan to distribute the Net Settlement Fund, with 74%, allocated in full to Settlement Class members who purchased Adderall XR® between and including January 1, 2007 and March 31, 2009, and 26%, allocated in full to Settlement Class

members who purchased Adderall XR® between April 1, 2009 and April 11, 2016, pro rata, based on Settlement Class members' purchases of Adderall XR® within each period, and finds that the distribution plan does so fairly and efficiently. KCC, the firm retained by Class Counsel as the Settlement Administrator, shall distribute the Net Settlement Fund in the manner provided in the Settlement Agreement dated April 7, 2016, and as previously approved in the Preliminary Approval Order [D.E. 427]. The Court further approves the parties' *cy pres* program, in which, any funds remaining in the Net Settlement Fund after payments are made to Qualified Class Members, shall be distributed to C.H.A.D.D—Children and Adults with Attention Deficit Disorders—a national non-profit organization working to improve the lives of affected people through education, advocacy, and support.

19. Except as otherwise provided in paragraph 1.9 of the Settlement Agreement, upon the Effective Date, Shire, its parents, subsidiaries, and affiliates, whether direct or indirect, the predecessors and successors of each of them, and their respective divisions, affiliates, joint ventures, stockholders, officers, directors, supervisory or advisory boards, insurers, general or limited liability partners, employees, agents, trustees, associates, attorneys or legal representatives (and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing) (the "Released Parties"), shall be unconditionally, fully, and finally released and forever discharged from all manner of claims, debts, obligations, demands, actions, suits, causes of action, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, accrued in whole or in part, in law or equity, that Plaintiffs or any members of the Settlement Class (including any of their past, present, and future officers, directors, insurers, general or limited liability partners, divisions, stockholders, agents, attorneys, employees, legal

representatives, trustees, parents, associates, affiliates, joint ventures, subsidiaries, heirs, executors, administrators, predecessors, successors and assigns, acting in their capacity as such) (the "Releasors") whether or not they object to the Settlement and whether or not they make a claim or participate in the Settlement Fund, ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, arising out of or under the federal antitrust laws or under the antitrust, trade regulation, or consumer protection laws, and common law, of any of the following jurisdictions: the District of Columbia and the states of Alabama, Arizona, California, Delaware, Florida, Georgia, Idaho, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, New Jersey, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin, and relating in any way to any conduct alleged or asserted in any complaints filed by Plaintiffs in this Action or any other complaint filed by Plaintiffs, including any alleged delay in the manufacture, marketing or sale of any generic, or AG version of Adderall XR®, or any alleged overcharges in copays for Adderall XR® or any generic versions thereof, before the Effective Date (the "Released Claims"). Claims for personal injury are specifically excluded from the Released Claims.

20. In addition, Plaintiffs and each Settlement Class member, on behalf of themselves and all other Releasors, hereby expressly waive, release, and forever discharge, upon the Settlement becoming final, any and all provisions, rights, and benefits, if any, conferred by §1542 of the California Civil Code, which reads:

> Section 1542. <u>General Release; extent</u>. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which

>> if known by him or her must have materially affected his or her settlement with the debtor.

or by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code.

21. Each Settlement Class member may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims that are the subject matter of paragraph 1.8 of the Settlement Agreement, but each Settlement Class member hereby expressly waives and fully, finally, and forever settles, releases, and discharges, upon this Settlement becoming final, any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or noncontingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Each Settlement Class member also hereby expressly waives and fully, finally, and forever settles, releases, and discharges any and all claims it may have against any Released Party under § 17200, *et seq.*, of the California Business and Professions Code or any similar comparable or equivalent provision of the law of any other state or territory of the United States or other jurisdiction, which claims are expressly incorporated into the definition of Released Claims.

22. The releases set forth in paragraphs 19, 20, 21 of this Order shall not release any claims for personal injury.

23. Upon consideration of Class Counsel's petition for fees, costs, and expenses, Ku & Mussman, P.A., Golomb & Honik, P.C., Kanner & Whiteley, LLC, and Milstein Adelman Jackson Fairchild & Wade, LLP, on behalf of all counsel for the Settlement Class, are hereby awarded attorneys' fees totaling 35% ($5,162,500) of the Settlement Fund, and costs and expenses, to be paid solely from the Settlement Fund and only if and after the Settlement

becomes final in accordance with paragraph 1.5 of the Settlement Agreement. In evaluating a request for fees and reimbursement of expenses, courts in this district generally consider the factors set forth in *Camden I Condominium Ass'n v. Dunkle*, 946 F.2d 768, 772 n.3 (11th Cir. 1991) (citation omitted). The Court finds that the following *Camden I* factors, *inter alia*, support awarding the requested fees:

    (a) the claims against Shire required substantial time and labor;

    (b) there were novel and difficult issues in the case, which required skilled and talented lawyers;

    (c) Class Counsel were precluded from other employment as a result of taking this Action;

    (d) the requested fee is customary and comports with fees awarded in similar cases;

    (e) Class Counsel undertook numerous and significant risks on behalf of members of the Settlement Class with no guarantee that they would be compensated; and

    (f) Class Counsel obtained a desirable result.

24. Specifically, the Court finds that this was a very hard fought litigation and the Court acknowledges the amount of effort and complexity involved in the Settlement Agreement proposed to the Court. Class Counsel appropriately staffed the case with experienced counsel using reasonable rates and hours within the norms per which this litigation and Settlement proceeded. Further the Court finds that the 35% request of attorneys' fees agreed to by the Parties is fair and reasonable pursuant to the amount of work that went into the litigation of the case and Class Counsel's continued management of the administration and payment of Class

Member claims and their representation of Class Members in this process. The attorneys' fees and costs requested include any fees and costs incurred after the filing of the Motion for Attorneys' Fees, Costs and Service Awards, including those incurred to prepare for and attend the Fairness Hearing.

25. The Court further finds that litigation costs in the amount of $1,336,278.56, set forth in detail in [D.E. 430], are reasonable and fair based upon the extensive litigation over a three year period and the six experts that were required to be brought forth by Plaintiffs in the prosecution of their case.

26. Service awards "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1218 (S.D. Fla. 2006). Upon consideration of Class Counsel's petition for service awards for Plaintiffs in this Action and the named plaintiffs in the *Netwall*, *Peluso*, and *Hartenstine* Actions, and with the acknowledgement of their efforts to come forward and act as Plaintiffs in this case, Plaintiffs are hereby awarded service awards as follows:

- Monica Barba – $5,000
- Jonathan Reisman – $5,000
- Karen DeReus – $2,500
- Rayna DeReus – $2,500
- Jodi Leit – $2,500
- Mindi Leit – $2,500
- Barrie and Brian Shanahan – $2,500
- Allyson Netwall – $2,500

- Jessica Hartenstine – $2,500

- Rosemary Autrey – $2,500

- Jayme Dearing – $2,500

- Samantha Peluso – $2,500

The service awards above are to be paid solely from the Settlement Fund and only if and after the Settlement becomes final in accordance with paragraph 1.5 of the Settlement Agreement.

18. Within five (5) Business Days after the Settlement becomes final pursuant to paragraph 1.5 of the Settlement Agreement and in accordance with the terms of the Settlement Agreement and the Escrow Agreement, the Escrow Agent shall distribute the attorneys' fees, costs, and expenses, and service awards authorized and approved by this Final Judgment and Order, and any related orders, to Kanner & Whiteley, LLC who will be responsible for distributing the service awards to Plaintiffs named herein and for distributing the attorneys' fees, costs and expenses to Class Counsel named herein in accordance with their respective agreements.

19. The attorneys' fees, costs and expenses, and service awards authorized and approved by this Final Judgment and Order shall constitute full and final satisfaction of any and all claims that Plaintiffs and any Settlement Class member, and their respective counsel, may have or assert for reimbursement of fees, costs, and expenses, and service awards, and Plaintiffs and members of the Settlement Class, and their respective counsel, shall not seek or demand payment of any fees and/or costs and/or expenses and/or service awards from any source other than the Settlement Fund.

20. The Released Parties (as defined in paragraph 1.8 of the Settlement Agreement) shall have no responsibility for, and no liability whatsoever with respect to, any payment or

disbursement of attorneys' fees, expenses, costs, or service awards among Class Counsel and/or Plaintiffs, nor with respect to any allocation of attorneys' fees, expenses, costs, or service awards to any other person or entity who may assert any claim thereto.

21. The Court retains exclusive jurisdiction over the Settlement and the Settlement Agreement as described therein, including the administration and consummation of the Settlement, and over this Final Judgment and Order.

22. The parties shall continue to comply with all obligations regarding the confidentiality and destruction of discovery material from the Action.

23. The Court finds that this Final Judgment and Order adjudicates all of the claims, rights, and liabilities of the parties to the Settlement Agreement (including the members of the Settlement Class), and is final and shall be immediately appealable.  Neither this Order nor the Settlement Agreement nor any other Settlement-related document shall constitute any evidence or admission of liability by Shire or any other Released Party, nor shall either the Settlement Agreement, this Order or any other Settlement-related document be offered in evidence or used for any other purpose in this or any other matter or proceeding except as may be necessary to consummate or enforce the Settlement Agreement or the terms of this Order or if offered by any Released Party in responding to any action purporting to assert Released Claims.

**DONE AND ORDERED** in Chambers at Miami, Florida this 2nd day of December, 2016.

*[signature: Joan A. Lenard]*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**